UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL S. ELKINS,<br><br>          Defendant,<br><br>and<br><br>FIFTH THIRD BANK,<br><br>        Garnishee-Defendant. | Case No. 97-CR-55-JPS<br><br><br><br>ORDER |

On July 3, 2012, the government applied for a Writ of Garnishment under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001-3308, in the amount of $8,243.00 (the "Writ") representing the unpaid balance of restitution owed by defendant Michael S. Elkins ("Elkins") in the above-captioned criminal case. (Docket #144, 1).[1] Following notice to Elkins from the Clerk of the Court (Docket #145), the Clerk of the Court issued the Writ (Docket #146) to the attention of Fifth Third Bank ("Fifth Third") as garnishee-defendant.

Before Fifth Third answered the Writ, Elkins filed a motion: (i) requesting appointment of counsel; and (ii) moving, purportedly under 28

---

[1] "[D]istrict courts may entertain civil garnishment and other collection proceedings as post-judgment remedies within an underlying criminal case; nothing precludes the government from initiating a collection proceeding under an existing criminal docket number in order to collect a fine or restitution ordered as part of a criminal sentence." *U.S. v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007) (citations omitted).

U.S.C. § 3205(c)(5), to quash the Writ. (Docket #148). Elkins' motion to appoint counsel was denied by this Court. (Docket #159).

Soon after Fifth Third answered the Writ, the Court granted a motion by the United States for a stay of its application for the Writ. (Docket Text Order dated October 19, 2012). Now the government requests an order lifting that stay. (Docket #157).

Elkins' motion to quash the Writ proposes two grounds for relief. (Docket #148). The first ground was rejected on the merits in an order from this Court dated February 27, 2013. (Docket #164, 2-3). Elkins' second proposed ground for relief seeks to portray his funds on deposit at Fifth Third as exempt from garnishment. In particular, Elkins contends that his accounts at Fifth Third contain exempt disposable earnings. 28 U.S.C. § 3205(a).

Finding the briefing on that ground inadequate, the Court ordered Elkins and the government to each file a brief setting forth legal and factual authority as to whether the funds at Fifth Third sought by the Writ are or are not exempt from a writ of garnishment issued under 28 U.S.C. §3205. Briefing is now complete (Docket #s 165 and 167) and so the Court will turn to the relevant analysis.

The United States may enforce a criminal judgment's restitution obligation "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) and (f). Under the FDCPA, "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the

possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

Elkins' criminal judgment in the above-captioned case orders him to pay $8,493.00 in restitution. (Docket #144-1, 5). The government submits (and Elkins does not dispute) that only $250.00 has been paid toward Elkins' restitution obligation. (Docket #144, 2). Therefore, the Writ seeks the outstanding balance of Elkins' restitution obligation: $8,243.00. (Docket #144, 1).

In particular, the Writ seeks garnishment of Elkins' funds on deposit at Fifth Third. Fifth Third's amended answer to the Writ avers that Elkins has $2,622.98 on deposit. (Docket #151, 1).

In response to the Court's order for further briefing as to whether the funds at Fifth Third sought by the Writ are or are not exempt from a writ of garnishment issued under 28 U.S.C. §3205, Elkins continues to offer only his bald assertion that his funds at Fifth Third are exempt disposable earnings within the meaning of §3205(a). Elkins' bald assertion – unsupported by corroborating evidence – is plainly insufficient to carry his burden of proving eligibility for the exemption he seeks. Therefore, the Court is obliged to deny Elkins' motion to quash and grant the government's motion to lift the stay on its application for the Writ.

Accordingly,

IT IS ORDERED that defendant Michael S. Elkins' "Motion to Quash the Writ of Garnishment" (Docket #148) be and the same hereby is DENIED; and

IT IS FURTHER ORDERED that the United States of America's motion to lift the stay on its application for the Writ of Garnishment (Docket #157) be and the same is hereby GRANTED.

The Clerk of the Court is directed to take all appropriate steps to effectuate this order.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge